**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:14 CR 440** |
| | ) | |
| **Plaintiff/Respondent,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Ghana Johnson,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant/Petitioner.** | ) | |

**Introduction**

This matter is before the Court upon defendant's Motion to Vacate Under Section 2255 (Doc. 56). For the following reasons, the motion is DENIED.

**Facts**

On direct appeal from her sentence after pleading guilty, the United States Court of Appeals for the Sixth Circuit stated the following pertinent background facts:

> Johnson filed fraudulent tax returns during tax years 2010 and 2011. She held herself out as a tax preparer to family and friends, but did not list herself as a tax preparer on any of the returns. She "falsified wage income, Federal income tax withholding, dependents and dependency-related exemptions and tax credit information" to increase her refund amount. Further, she used the personally identifiable information

1

> ("PII") such as names and social security numbers of five third parties to file the returns. Johnson received the refunds by direct deposit to debit cards.
>
> On April 20, 2015, Johnson pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343, five counts of filing false, fictitious, and fraudulent returns in violation of 18 U.S.C. § 287, and five counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). She received a sixty month prison sentence for each of the wire fraud and filing of false, fictitious, and fraudulent return convictions, to be served concurrently. She also received a 24 month prison sentence for each of the aggravated identity theft convictions, to be served concurrently with each other, but consecutively to the other convictions. In computing the sentence, the district court applied an enhancement under U.S.S.G. § 2B1.1(b)(11)(C) which increased Johnson's base offense level by two points because "the offense involved the possession of five or more means of identification that were unlawfully obtained."

The Court of Appeals affirmed the sentence.

The matter is now before the Court upon defendant's Motion to Vacate Under Section 2255.

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside or correct his sentence upon the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir.2005).

**Discussion**

Defendant asserts four grounds for relief. For the following reasons, none of the grounds warrant vacation of the sentence.

In Ground One, defendant asserts that her sentence should not have been enhanced under U.S.S.G. § 2B1.1(b)(11)(C). The claim fails because defendant raised this argument on direct appeal and the court of appeals found the enhancement to be appropriate. This is the law of the case and defendant cannot merely relitigate it here.

In Ground Two, defendant asserts that the PSR "was not correct" because the amount of loss was improperly determined. This claim fails because it is procedurally defaulted given that defendant did not raise it on direct review or object to the Court's finding on loss at the sentencing hearing. *Sullivan v. U.S.*, 587 Fed.Appx. 935 (6th Cir. 2014) (internal quotations and citations omitted) ("A petitioner must raise his claims on direct appeal, otherwise, the claim is procedurally defaulted for purposes of § 2255 review.)

In Ground Three, defendant asserts that the 24 month consecutive sentence was incorrect because persons identified were not victims and she did not steal their identity. The Court agrees with the government that defendant's argument regarding "victims" is contrary to the Guidelines definitions and case law, and her assertion regarding the stolen identities is contrary to the facts in the case.

In Ground Four, defendant asserts ineffective assistance of counsel at sentencing based on the fact that the Guidelines were adjusted for inflation effective November 1, 2015. Defendant was sentenced on October 22, 2015. Had her attorney continued the sentencing until after November 1, she could have received a lower sentence.

To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). Defendant fails to satisfy the *Strickland* standard. The government points out that counsel had argued at sentencing that the Court should apply the Guidelines which were to become effective November 1. The Court rejected the argument on the basis that much of the alleged conduct took place in 2010 and 2012. Therefore, defendant is unable to establish deficient performance or prejudice.

**Conclusion**

For the foregoing reasons, defendant's Motion to Vacate Under Section 2255 is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 5/10/17